1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  JERINA TRAISTER,                    )   No. EDCV 09-01082-SS
                                        )
12                  Plaintiff,          )
                                        )
13            v.                        )   **MEMORANDUM DECISION AND ORDER**
                                        )
14  MICHAEL J. ASTRUE,                  )
    Commissioner of the Social          )
15  Security Administration,            )
                                        )
16                  Defendant.          )
    _____ )

17

18

19      Plaintiff Jerina Traister ("Plaintiff") brings this action seeking

20  to overturn the decision of the Commissioner of the Social Security

21  Administration (hereinafter the "Commissioner" or the "Agency") denying

22  her application for Supplemental Security Income ("SSI") benefits.

23  Alternatively, she asks for a remand.  The parties consented, pursuant

24  to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United

25  States Magistrate Judge.  The parties filed a Joint Stipulation ("JS"),

26  pursuant to this Court's Case Management Order, in support of their

27  respective positions.  For the reasons stated below, the decision of the

28  Commissioner is REVERSED and REMANDED for further administrative

    proceedings.

## THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[1] and that is expected to result in death or to last for a continuous period of at least twelve months.  Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)).   The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry.  20 C.F.R. §§ 404.1520, 416.920.   The steps are:

(1)   Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

(2)   Is the claimant's impairment severe?   If not, the claimant is found not disabled.  If so, proceed to step three.

(3)   Does the claimant's impairment meet or equal one of list of specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is found

---

[1]   Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit.  20 C.F.R. §§ 404.1510, 416.910.

1          disabled.  If not, proceed to step four.

2     (4)  Is the claimant capable of performing his past work?  If

3          so, the claimant is found not disabled.  If not, proceed

4          to step five.

5     (5)  Is the claimant able to do any other work?  If not, the

6          claimant is found disabled.  If so, the claimant is found

7          not disabled.

8

9  Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d

10 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098-99); 20

11 C.F.R. §§ 404.1520(b) - 404.1520(g)(1) & 416.920(b) - 416.920(g)(1).

12

13     The claimant has the burden of proof at steps one through four, and

14 the Commissioner has the burden of proof at step five.  Bustamante, 262

15 F.3d at 953-54 (citing Tackett, 180 F.3d at 1098).  Additionally, the

16 ALJ has an affirmative duty to assist the claimant in developing the

17 record at every step of the inquiry.  Id. at 954.  If, at step four, the

18 claimant meets his burden of establishing an inability to perform past

19 work, the Commissioner must show that the claimant can perform some

20 other work that exists in "significant numbers" in the national economy,

21 taking into account the claimant's residual functional capacity ("RFC"),[2]

22 age, education, and work experience.  Tackett, 180 F.3d at 1098, 1100;

23 Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

24 The Commissioner may do so by the testimony of a vocational expert or by

25 reference to the Medical-Vocational Guidelines appearing in 20 C.F.R.

26

27     [2]  Residual functional capacity is "what [one] can still do

despite [his] limitations" and represents an "assessment based upon all

28 of the relevant evidence."  20 C.F.R. §§ 404.1545(a), 416.945(a).

1  Part 404, Subpart P, Appendix 2 (commonly known as "the Grids").
2  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Tackett,
3  180 F.3d at 1100-01).  When a claimant has both exertional (strength-
4  related) and nonexertional limitations, the Grids are inapplicable and
5  the ALJ must take the testimony of a vocational expert.  Moore v. Apfel,
6  216 F.3d 864, 869 (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d
7  1335, 1340 (9th Cir. 1988)).

8
9                          **THE ALJ'S DECISION**
10

11      The Administrative Law Judge ("ALJ") applied the five-step
12  sequential evaluation process.  At the first step of the evaluation
13  process, the ALJ found that Plaintiff had not engaged in substantial
14  gainful activity since her alleged onset date. (Administrative Record
15  ("AR") 10).  At step two, the ALJ found that Plaintiff's degenerative
16  changes in the musculoskeletal system were severe, but that her alleged
17  high blood pressure, heart palpations, migraine headaches and mental
18  disorder were either not medically determinable or not severe. (AR 11-
19  13).  At step three, the ALJ found that the impairment did not meet or
20  equal any of the Listings. (AR 13).  Concluding that Plaintiff's
21  subjective symptoms were not credible, the ALJ found that Plaintiff was
22  mentally and physically capable of performing medium work. (AR 15-16).
23  At step four, the ALJ determined that Plaintiff was able to perform past
24  relevant work. (AR 16).  As such, the ALJ found that Plaintiff was not
25  disabled within the meaning of the Social Security Act. (Id.).
26
27
28

                                  4

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1097); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720 (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. (citing Jamerson, 112 F.3d at 1066; Smolen, 80 F.3d at 1279). To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21 (citing Flaten v. Sec'y, 44 F.3d 1453, 1457 (9th Cir. 1995)).

**DISCUSSION**

Plaintiff contends that: (1) the ALJ erred by failing to provide specific and legitimate reasons for rejecting the treating

5

1  psychiatrist's opinion; (2) the ALJ erred by failing to provide germane
2  reasons for rejecting lay witness testimony; and (3) the ALJ improperly
3  assessed Plaintiff's ability to perform her past relevant work as a
4  manager of a retail store. (Joint Stipulation ("JS") at 3).  This Court
5  agrees and remands this action on these grounds.  As the Court
6  determines that remand is required on these grounds alone, the Court
7  need not address Plaintiff's alternative arguments.

8

9     **A.    The ALJ Failed To Provide Specific And Legitimate Reasons For**
10           **Rejecting The Treating Physician's Opinion**

11

12     Plaintiff contends that the ALJ failed to properly consider the
13  opinion of Dr. Lyle Forehand, Jr.  (JS at 3-4, 7-8).  Specifically,
14  Plaintiff argues that "[t]he ALJ erred in disregarding Dr. [Forehand's]
15  opinion without providing specific and legitimate reasons, supported by
16  substantial evidence."[3]  (Id. at 4).

17

18     The opinions of treating physicians are entitled to special weight
19  because the treating physician is hired to cure and has a better
20  opportunity to know and observe the claimant as an individual.
21  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).  Where a
22  treating physician's opinion is not contradicted by another doctor, it
23  may be rejected only for "clear and convincing" reasons.  Lester v.
24  Chater, 81 F.3d 821, 830 (9th Cir. 1995).  Even if the treating
25  physician's opinion is contradicted by another doctor, the ALJ may not

26  _____

27     [3]  Plaintiff refers to Dr. Forehand as both Dr. Forehand and Dr.
28  Lyle in the Joint Stipulation.

1  reject this opinion without providing specific and legitimate reasons,
2  supported by substantial evidence in the record.  Id.

3

4     Here, Plaintiff sought treatment at Bear Valley Family Counseling
5  ("Bear Valley") from 2003-2005. (AR 227-97). Dr. Forehand, Plaintiff's
6  treating psychiatrist at Bear Valley, diagnosed Plaintiff with, inter
7  alia, depression, obsessive compulsive disorder and borderline
8  personality disorder. (AR 244). As part of Plaintiff's treatment plan,
9  Dr. Forehand prescribed medication, including Paxil and Lamictal. (See,
10 e.g., AR 247).  During this period, Plaintiff had routine visits with
11 Dr. Forehand, as well as attended group therapy sessions at Bear Valley.
12 (AR 227-97).

13

14     The ALJ impliedly rejected Dr. Forehand's diagnosis by relying, in
15 whole, on the opinion of Dr. Linda Smith, the psychiatric consultative
16 examiner.  (AR 12).  Although Dr. Smith's opinion contradicted Dr.
17 Forehand's diagnosis, the ALJ failed to provide any reason for rejecting
18 Dr. Forehand's opinion.  (AR 244, 424-34).  Indeed, the ALJ failed to
19 even mention that Plaintiff sought treatment from Dr. Forehand and Bear
20 Valley anywhere in the decision, much less provide specific and
21 legitimate reasons to reject Dr. Forehand's opinion.  (AR 8-16).
22 Accordingly, the ALJ erred.  Lingenfelter v. Astrue, 504 F.3d 1028,
23 1037-38 n.10 (9th Cir. 2007) (stating that it was legal error for the
24 ALJ to completely ignore the opinions of the treating physicians).

25

26     Remand for further proceedings is appropriate where additional
27 proceedings could remedy defects in the Commissioner's decision.  See
28 Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000); Kail v. Heckler,

1    722 F.2d 1496, 1497 (9th Cir. 1984).  Because the ALJ failed to provide

2    specific and legitimate reasons for rejecting the treating physician's

3    opinion or, instead, to fully credit the opinion, the case must be

4    remanded to remedy this defect.  Upon remand, the ALJ must either

5    provide specific and legitimate reasons to reject Dr. Forehand's opinion

6    or incorporate the limitations provided by Dr. Forehand into the RFC

7    determination.

8

9         **B.    The ALJ Failed To Provide Germane Reasons For Rejecting The**

10             **Lay Witness' Testimony**

11

12        Plaintiff contends that the ALJ failed to provide germane reasons

13   for rejecting the testimony of a lay person.  (JS 13).  Plaintiff

14   further contends that the ALJ's allegation of the lay witness'

15   "financial motivation [was] unfounded."  (Id.).  Steve Beckman,

16   Plaintiff's boyfriend, submitted a Third Party Function Report in

17   support of Plaintiff's application.[4]  (AR 125-32, 152-59).  Mr. Beckman

18   reported that he had known Plaintiff for five to six years and lived

19   with her.  (AR 125, 152).  Mr. Beckman reported that Plaintiff

20   experienced pain and numbness.  (AR 125-30, 152-57).  Mr. Beckman

21   explained that Plaintiff's ability to perform activities such as cooking

22   and cleaning depended on her pain level.  (Id.).

23

24        In determining whether a claimant is disabled, an ALJ must consider

25   lay witness testimony concerning a claimant's ability to work.  Stout v.

26

27        [4]  Mr. Beckman submitted two nearly identical Third Party Function

28   Reports.

8

1  Comm'r, 454 F.3d 1050, 1053 (9th Cir. 2006); Smolen, 80 F.3d at 1288; 20
2  C.F.R. §§ 404.1513(d)(4) & (e), and 416.913(d)(4) & (e).  Lay witness
3  testimony as to a claimant's symptoms cannot be disregarded without
4  comment.  Stout, 454 F.3d at 1053; see also Robbins v. Social Sec.
5  Admin., 466 F.3d 880, 885 (9th Cir. 2006).  The ALJ may discount the
6  testimony of lay witnesses only if he gives "reasons that are germane to
7  each witness."  Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 2001)
8  ("[L]ay testimony as to a claimant's symptoms is competent evidence that
9  an ALJ must take into account, unless he or she expressly determines to
10 disregard such testimony and gives reasons germane to each witness for
11 doing so." (citations omitted)).

12

13     The ALJ summarily rejected Mr. Beckman's testimony.  He found that
14 Mr. Beckman's opinion "establishe[d] no different conclusions" from the
15 medical evidence and that Mr. Beckman had both the emotional and
16 financial motivation to help Plaintiff obtain disability benefits in
17 order "to relieve himself of total support of [Plaintiff] and transfer
18 it to the public."  (AR 12-13, 15).  This Court notes that the ALJ
19 cannot dismiss the testimony of Mr. Beckman, who is in a position
20 analogous to a family member, on the basis of bias simply by virtue of
21 his relationship with Plaintiff.  Smolen, 80 F.3d at 1289 (finding that
22 the ALJ erred when he rejected the testimonies of family members on bias
23 grounds).  Such rejection is equivalent to a wholesale dismissal of any
24 family member or domestic partner as a credible witness.  Id.  To the
25 contrary, witnesses who observe a claimant's symptoms on a daily basis
26 are particularly valuable.  Id. (citing Dodrill, 12 F.3d at 918-19).
27 Although a relationship with the plaintiff can be one possible ground to
28 question credibility, something more is required to show that a lay

9

1  witness's testimony is so tainted by bias that it must be rejected.  As
2  such, the ALJ erred by failing to provide sufficient reasons to reject
3  lay witness testimony.  Upon remand, if the ALJ wishes to reject Mr.
4  Beckman's testimony, he must provide germane reasons supported by the
5  evidence in the record.

6

7  **C.   Substantial Evidence Does Not Support The ALJ's Determination**
8  **That Plaintiff Could Perform Her Past Relevant Work**

9

10  After reviewing the medical evidence and Plaintiff's testimony, the
11  ALJ concluded that Plaintiff was capable of performing medium work
12  activity.  (AR 16).  The ALJ found that Plaintiff was therefore capable
13  of returning to her past relevant work as a retail store manager.  This
14  was error.

15

16  At step four of the sequential evaluation, claimants have the
17  burden of showing that they can no longer perform their past relevant
18  work.  20 C.F.R. § 404.1520(f).  Although the burden of proof lies with
19  the claimant at step four, the ALJ "still has a duty to make the
20  requisite factual findings to support his decision."  Pinto v.
21  Massanari, 249 F.3d 840, 844 (9th Cir. 2001) (citing Social Security
22  Ruling ("SSR") 82-62).  The ALJ must look at the "residual functional
23  capacity and the physical and mental demands" of the claimant's past.
24  20 C.F.R. § 404.1520(f); SSR 82-62.  The claimant must be able to
25  perform the job as he actually performed it, or as it is generally
26  performed in the national economy.  SSR 82-61; Pinto, 249 F.3d at 845.

27

28

1     The ALJ premised his RFC finding on his improper assessment of
2 Plaintiff's impairments, both physical and mental.  As discussed <u>supra</u>,
3 the ALJ's assessment was based on the improper rejection of Dr.
4 Forehand's opinion.  The ALJ failed to set forth specific and legitimate
5 reasons for disregarding the opinion.  As this Court has concluded that
6 the ALJ's rejection of Dr. Forehand's opinion was improper, the ALJ's
7 finding at step four is also improper and not supported by substantial
8 evidence.  <u>Cf.</u> <u>Aukland</u>, 257 F.3d at 1037 (finding that the ALJ's
9 reliance on the Grids was improper when the ALJ improperly rejected the
10 treating physician's opinion).

11

12     As the assessment of Plaintiff's impairments was improper, it was
13 error to conclude she could return to her past relevant work as a retail
14 store manager.  Upon remand, the ALJ must reconsider the analysis at
15 steps four and five of the evaluation.  In addition, the Court finds
16 that the services of a vocational expert are required unless the ALJ
17 concludes that, based upon substantial evidence in the record, Plaintiff
18 can return to her past relevant work.

19

20 **CONCLUSION**

21

22     Accordingly, **IT IS HEREBY ORDERED** that the decision of the
23 Commissioner is **REVERSED** and **REMANDED** for further proceedings consistent
24 with this decision.

25

26 DATED: April 13, 2010.                /S/
                                    SUZANNE H. SEGAL
27                                 UNITED STATES MAGISTRATE JUDGE

28